MAY-27-2008 19:09    USAO                          718 422 5130   P.02



U.S. Department of Justice

United States Attorney
Southern District of New York

MEMO ENDORSED

86 Chambers Street
New York, New York 10007

May 27, 2008

**BY FACSIMILE**
Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2270
New York, NY 10007

Re:  Lamb v. Potter,
     08 Civ. 0477 (NRB)

Dear Judge Buchwald:

    This Office represents defendant John E. Potter, Postmaster General of the United States, in the above-captioned employment discrimination action filed by pro se plaintiff Addys Lamb ("Lamb"). Defendant intends to move to dismiss the complaint because Lamb failed to timely exhaust his administrative remedies, and, in accordance with Your Honor's individual practices, I write respectfully to request a pre-motion conference. The basis for the motion is briefly set forth below.

    29 C.F.R. § 1614.106(b) provides that federal employees who believe that they have been discriminated against on the basis of age or handicap must file a formal EEO complaint within 15 days of receipt from an EEO counselor of notice of the right to file an individual complaint. See 29 C.F.R. § 1614.106(b). Lamb received a copy of Postal Service Form 2579-A, entitled Notice of Right to File Individual Complaint, on July 17, 2007. This Notice informed Lamb that he had the right to "file a formal complaint within 15 calendar days of the date [he] received this notice," and that his complaint would "be deemed timely if it is received at this address before the expiration of the 15-day filing period." The Notice informed Lamb of the address to which his complaint had to be sent, and Lamb signed the Notice, indicating that he had received it. Thus, Lamb was required to file his formal complaint within 15 days of July 17, 2007, which would have been August 1, 2007. Lamb apparently mailed his complaint to the wrong address, and, as a result, the Postal Service did not receive it until September 24, 2007. On September 27, 2007, an Equal Employment Opportunity Services Analyst dismissed the complaint as untimely.

    Courts have routinely held that the failure to file a formal complaint within the 15-day time period constitutes a failure to timely exhaust administrative remedies and requires dismissal. See, e.g., Martin v. Reno, No. 96 Civ. 7646 (BSJ), 1999 WL 527932, at *2 (S.D.N.Y. July 22, 1999) ("Timely exhaustion of administrative remedies before bringing a Title VII action requires

*Endorsement:* Defendant may move to dismiss the complaint. No pre-motion conference is necessary. So Ordered.
[signature] 6/2/08

that a federal employee comply with the applicable EEOC regulations."); Pinder v. Levitt, No. 94 Civ. 6368 (RWS), 1995 WL 329442, at *3 (S.D.N.Y. June 1, 1995) ("[T]he administrative time of fifteen days for [plaintiff] to file her complaint with the EEO constitutes the terms of the sovereign's consent to be sued. As such, those terms should be strictly construed as a jurisdictional bar to [plaintiff's] suit."); Wrenn v. Brady, No. 90-CV-1107, 1993 WL 133716, at *2 (N.D.N.Y. Apr. 19, 1993); Tillet v. Carlin, 637 F. Supp. 245, 248-49 (D. Conn. 1985); Ross v. Runyon, 858 F. Supp. 630, 637 (S.D. Tex. 1994); Quillen v. U.S. Postal Service, 564 F. Supp. 314, 318 (E.D. Mich. 1983).

Moreover, Lamb is not entitled to any equitable tolling of the 15-day deadline. The Supreme Court has instructed that courts should equitably toll timing requirements for federal employees "only sparingly," Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990), and the Second Circuit has made clear that "a plaintiff's failure to act diligently is not a reason to invoke equitable tolling," South v. Saab Cars USA, Inc., 28 F.3d 9, 12 (2d Cir. 1994); see also Long v. Frank, 22 F.3d 54, 58 (2d Cir. 1994) (equitable tolling may be appropriate where plaintiff missed deadline "because of some action on the defendant's part").

Accordingly, Defendant intends to move to dismiss the complaint for failure to timely exhaust administrative remedies. Defendant respectfully requests that the deadline to respond to the complaint be stayed until a briefing schedule is set at the pre-motion conference.

I thank the Court for its consideration of this request.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

By: _____
DAVID BOBER
Assistant United States Attorney
(212) 637-2718

cc:  Addys Lamb, pro se (via overnight and regular mail)
     300 West 135th Street
     Apt # 11H
     New York, NY 10030

2