UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

ADDYS LAMB,

                        Plaintiff,

        v.

POSTMASTER GENERAL JOHN E. POTTER,

                        Defendant.

------------------------------------X

**MEMORANDUM AND ORDER**

08 Civ. 0477 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Pro se plaintiff Addys Lamb ("Lamb") brought this employment discrimination action against the United States Postal Service ("Postal Service") pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 42 U.S.C. §§ 2000e et seq., the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112 et seq., and New York State and City human rights laws.[1] Before this Court

---

[1] Lamb's ADA claim cannot proceed because the Postal Service is not an "employer" within the meaning of the Act. See 42 U.S.C. § 12111(5)(B); see also Rivera v. Heyman, 157 F.3d 101, 103 (2d Cir. 1998). Nevertheless, we liberally construe the complaint to include a claim brought under the Rehabilitation Act of 1973 ("Rehabilitation Act"), which provides redress for federal employees alleging disability discrimination by any "department, agency, and instrumentality (including the United States Postal Service and the Postal Rate Commission) in the executive branch." 29 U.S.C. § 791(b) (1994) (emphasis added); see also Rivera, 157 F.3d at 103; Regional Economic Community Action Program, Inc. v. City of Middletown, 294 F.3d 35, 48-49 (2d Cir. 2002) (noting that the prima facie case for ADA and Rehabilitation Act is the same, except that Rehabilitation Act does not permit mixed-motive suits).
    The Postal Service also correctly points out that the ADEA and the Rehabilitation Act provide the exclusive remedy for federal employees alleging discrimination on the basis of age and disability, barring any state law claims for similar relief. See, e.g., Garvin v. Potter, 367 F. Supp. 2d 548, 560 (S.D.N.Y. 2005); Bumpus v. Runyon, No. 94 Civ. 2570, 1997 WL 154053, at *4 (S.D.N.Y. April 2, 1997); see also Holmes v. Federal Aviation Administration, No. Civ. 98-5071, 1999 WL 771594, at *3 (D.N.J. Sept. 29, 1999); Rattner v. Bennett, 701 F. Supp. 7, 9 (D.D.C. 1988). Accordingly, Lamb's claims under the New York State and City human rights laws are dismissed.

1

is the Postal Service's unopposed motion for summary judgment on all of Lamb's claims on the ground that he failed to timely file his Equal Employment Opportunity ("EEO") complaint with the Postal Service's EEO office.[2] For the reasons stated herein, the Postal Service's motion is GRANTED.

**PROCEDURAL HISTORY**[3]

On June 28, 2007, Lamb met with an Equal Employment Opportunity ("EEO") Dispute Resolution Specialist to discuss his claim that he had been discriminated against on the basis of his age and denied reasonable accommodations for his permanent physical impairments.[4] Following an unsuccessful attempt at mediation on July 17, 2007, the Specialist provided Lamb with a Notice of Right to File Individual Complaint ("Notice"), which stated in pertinent part:

---

[2] Prior to commencing an action under the ADEA or the Rehabilitation Act, a federal government employee must timely exhaust the administrative remedies at his disposal. Belgrave v. Pena, 254 F.3d 384, 386 (2d Cir. 2001); Boos v. Runyon, 201 F.3d 178, 181 (2d Cir. 2000). The administrative exhaustion requirement entails two steps that are of particular importance in this case. First, within forty-five (45) days of any allegedly discriminatory conduct, an aggrieved federal employee "must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). Second, after completing the EEO counseling process, the employee must file a formal complaint "with the agency that allegedly discriminated against" the employee, no later than fifteen (15) days after receiving notice of his or her right to do so. Id. § 1614.106(a), (b). The failure to comply with either of these requirements bars any subsequent civil action for the discriminatory conduct at issue. See Belgrave, 254 F.3d at 386; Carter v. Potter, No. 06-CR-3854, 2007 WL 879417, at *4-5 (E.D.N.Y. March 22, 2007); see also Boos, 201 F.3d at 181.

[3] The following facts have been drawn from the Complaint ("Compl."), the Amended Complaint ("Am. Compl."), and the Declaration of David Bober in support of the motion ("Bober Decl.").

[4] See Bober Decl. Ex. C.

> This notice will attest to the fact that on July 17, 2007, I advised you of the actions taken concerning the alleged discrimination that you brought to my attention. If the matters that you raised during the pre-complaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date you received this notice. . . . The complaint must be delivered to:
>
> NEEOISO - FORMAL COMPLAINT
> USPS
> PO BOX 25438
> Tampa, FL 33622-5438
>
> Your complaint will be deemed timely filed if it is received at this address before the expiration of the 15-day filing period . . . .[5]

Fourteen days later, Lamb's attorney mailed a formal complaint to "NEEOISO - Formal Complaint, USPS, 1801 L Street NW, Washington DC 20507,"[6] the mailing address for the headquarters of the Equal Employment Opportunity Commission ("EEOC").[7] The Postal Service did not receive the complaint until Lamb's attorney faxed it to the agency's EEO office on September 24, 2007, almost eight weeks after the time to file the complaint had expired.[8]

---

[5] See id. Ex. D.

[6] Id. Ex. E. Initially, the mail courier was directed to deliver the complaint to a post office box that appears to be different from the one provided in the Notice. Id. When the courier was unable to effect delivery to this first address, Lamb's attorney apparently provided an alternate address, that of the EEOC's headquarters.

[7] See Contact EEOC, United States EEOC, http://www.eeoc.gov/contact.html (last visited July 28, 2008); see also Bober Decl. Ex. F at 2.

[8] A handwritten note on the cover sheet accompanying the complaint explained "[p]lease be advised that the the [sic] attached complaint was originally sent to the P.O. Box by FedEx which should have been an official address." Id. Ex. G.

3

On September 27, 2007, an EEO Services Analyst dismissed Lamb's complaint after finding that it had not been filed with the Postal Service during the fifteen-day period following receipt of the Notice.[9] This action was commenced shortly thereafter.

## DISCUSSION

### I. Legal Standards

A motion for summary judgment must be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the evidence submitted must be viewed in the light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). While credibility determinations, weighing evidence and drawing legitimate inferences from facts are functions that the Court must leave to the jury, if the nonmoving party does not present evidence from which a reasonable jury could return a favorable verdict, then summary judgment is appropriate. See, e.g., Golden Pacific Bancorp. v. F.D.I.C., 375 F.3d 196, 200 (2d Cir. 2004).

### II. Analysis

There is no dispute that Lamb did not file his formal complaint with the Postal Service EEO office within fifteen days of receipt of the Notice, as required by EEOC regulations governing

---

[9] Id. Ex. F.

the exhaustion of claims under the ADEA and the Rehabilitation Act. 29 C.F.R. § 1614.106(a), (b). Accordingly, the Postal Service is entitled to summary judgment on all of Lamb's claims, unless the facts presented are also sufficient to meet Lamb's burden of demonstrating the propriety of equitably tolling the applicable filing deadline.

The federal district courts exercise discretionary authority to toll a statutory limitations period when a plaintiff has established that (i) he had been pursuing his rights diligently; but (2) some extraordinary circumstance nevertheless prevented his filing on time. Torres v. Barnhart, 417, F.3d 276, 278 (2d Cir. 2005) (internal quotation marks omitted); Zerilli-Edelglass v. New York City Transit Authority, 333 F.3d 74, 80 (2d Cir. 2003). Equitable tolling is a drastic remedy reserved for "rare and exceptional circumstances," Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004) (internal quotation marks omitted), such as "where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period"; "where plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant"; or "where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion." Zerilli-Edelglass, 333 F.3d at 80 (citing authority).

An attorney's malfeasance or negligence does not ordinarily constitute an "exceptional circumstance" warranting equitable

tolling. Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001); South v. Saab Cars USA, Inc., 28 F.3d 9, 12 (2d Cir. 1994); Keyse v. Cal. Tex. Oil Corp., 590 F.2d 45, 47-48 (2d Cir. 1978). Indeed, "simple mistakes about the rules applied to the deadlines for filing" are patently insufficient to justify resort to such an extraordinary remedy. Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003); see also South, 28 F.3d at 12. Equitable tolling may be appropriate in this context if, for example, the plaintiff adduces evidence of his attorney acting contrary to specific instructions or misleading the plaintiff into the belief that the representation is being handled appropriately. Torres, 417 F.3d at 280 (plaintiff "seriously misled by an attorney in whom he placed his trust"); Baldayaque, 338 F.3d at 152 (noting that "[i]n spite of being specifically directed by his client's representatives to file a '2255,' [the attorney] failed to file such a petition at all" and instead pursued a different litigation initiative); see also Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512-13 (2d Cir. 2002) (counsel had difficulty communicating with impaired client).

We fail to see any basis in the record for exercising our authority to toll the applicable filing deadline. Lamb has not even opposed the motion, much less introduced evidence of his due diligence or of any extraordinary circumstance that prevented his compliance with statutory filing requirements. Although Lamb may have argued that his attorney was diligent insofar as he took

affirmative steps toward filing the complaint during the limitations period, the mere fact that a plaintiff engages in misguided attempts to comply with a deadline is not, of itself, relevant unless those attempts were reasonable. See, e.g., Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) (filing of the "right to sue letter" rather than the complaint did not toll the 90-day period); South, 28 F.3d at 12 ("[P]ractitioners do not act with due diligence if they attempt to commence an action in federal court using inapplicable state court procedures.").

The Notice received by Lamb conspicuously provided the address to which the formal complaint should have been mailed, as well as a careful explanation of the relevant deadlines. Yet, Lamb's attorney filed the complaint with the wrong agency and did so after waiting until the last day of the filing period, two facts that obviate a finding of reasonable diligence. In any event, Lamb cannot establish the existence of any extraordinary circumstances because his attorney's failure to appreciate that the formal complaint was supposed to be filed with the EEO office of the Postal Service, and not the EEOC headquarters, is, at best, a case of ordinary neglect. See, e.g., Smaldone, 273 F.3d at 138 (the attorney's "mistaken belief that AEDPA's one-year limitation period is 'reset' rather than tolled by state post-conviction petitions" is not extraordinary); Geraci v. Senkowski, 211 F.3d 6, 9 (2d Cir. 2000) (mistake by counsel as to the calculation of time remaining to file a petition did not constitute extraordinary or unusual

7

circumstances). Accordingly, summary judgment for the Postal Service is appropriate.

## CONCLUSION

For the reasons stated above, the Postal Service is granted summary judgment on all of Lamb's claims. The Clerk of the Court is directed to close the case on the Court's docket.

Dated:   New York, New York
         August 12, 2008

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Memorandum and Order have been mailed on August 12, 2008 to the following:

Plaintiff

Addys Lamb
300 West 135th Street, Apt. 11H
New York, NY 10030

Counsel for Defendant

David Bober
Office of the U.S. Attorney
Civil Division
86 Chambers Street
New York, NY 10007