USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/16/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ADDYS LAMB,

                      Plaintiff,

       - v -

POSTMASTER GENERAL JOHN E. POTTER,

                      Defendant.

-----------------------------------X

**ORDER**

08 Civ. 0477 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Pro se plaintiff Addys Lamb brought this employment discrimination action against the United States Postal Service ("Postal Service") pursuant to the Age Discrimination in Employment Act of 1967, 42 U.S.C. §§ 2000e eq seq., the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 et seq., and New York State and City human rights laws. On August 12, 2008, we granted defendant's unopposed motion for summary judgment, finding that plaintiff failed to timely file his Equal Opportunity complaint with the Postal Service's Equal Employment Opportunity ("EEO") office as required under the Age Discrimination in Employment Act. Plaintiff has now filed a motion for "reconsideration" under Fed. R. Civ. P 60(b).

    We construe plaintiff's submission as a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b), Fed. R. Civ.

P. 59(e) and Local Rule 6.3. As a threshold matter, we note that plaintiff's motion was due on August 26, 2008 -- 10 days (excluding weekends and holidays) after the entry of the August 12, 2008 Memorandum and Order, under Fed. R. Civ. P. 59(e) and Local Rule 6.3. Plaintiff did not file this motion until September 8, 2008.

A motion for reconsideration pursuant to Local Rule 6.3 is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources," In re Initial Public Offering Sec. Litig., 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation marks omitted), aff'd sub nom Tenney v. Credit Suisse First Boston Corp., Inc., 2006 WL 1423785 (2d Cir. May 19, 2006), and appropriate only when a court overlooks "controlling decisions or factual matters that were put before it on the underlying motion" and which, if examined, might reasonably have led to a different result. Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000). Moreover, a motion for reconsideration should not be treated as a "second bite of at the apple" for a party dissatisfied with a court's ruling. Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). Similarly, it is not appropriate to use a motion for reconsideration as a vehicle to advance new theories a party failed to articulate in arguing the

2

underlying motion. See Griffin Ins., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999).

Plaintiff's submission presents no "controlling decision or factual matters" that were put before the Court and that, if examined, might reasonably have led to a different result. On the contrary, it remains uncontested that the Postal Service did not receive plaintiff's complaint until his attorney faxed it to the agency's Equal Employment Opportunity office on September 24, 2007 -- almost eight weeks after the time to file the complaint had expired. Instead, paragraph 7 of plaintiff's Affirmation in Support of Motion argues "the court should allow equitable tolling because I have actively pursued my administrative and judicial remedies by filing my complaint (August 31, 2008[sic]) with the Postal EEOC during the statutory period but was tricked by the postal service EEO office misconduct into allowing the filing deadline to pass." Plaintiff continues, "My attorney contacted the Postal Service National Equal Employment Opportunity Investigative Service Office (NEEOISO) . . . . The NEEOIS instructed my attorney to fax the complaint . . . . The NEEOIS agent assured my attorney the matter would be processed in a timely manner."

Even construing the affirmation liberally, it contains no support for the conclusion that plaintiff was directly or indirectly "tricked" by the Postal Service such that

3

reconsideration would be appropriate. Plaintiff's statement that the "NEEOIS agent assured my attorney the matter would be processed in a timely manner" is simply inadmissible hearsay lacking indicia of reliability. Further, that statement in no way explains the nearly eight-week gap between the deadline for the filing of the complaint and plaintiff's attorney's faxing of the complaint to the Postal Service EEO office. As an attorney is an agent for his client, the client is bound by a failure of that attorney within the scope of his agency. Plaintiff "voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." See Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962) (internal quotations and citation omitted).

For the foregoing reasons, plaintiff's motion for reconsideration is **DENIED**.

Dated: New York, New York
September 16, 2008

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

A copy of the foregoing Order has been mailed on this date to the following:

**Plaintiff**
Addys Lamb
300 West 135th Street, Apt. 11H
New York, NY 10030

**Counsel for Defendant**
David Bober
Office of the U.S. Attorney
Civil Division
86 Chambers Street
New York, NY 10007